*P. Palmer, for appellant.*

*Bullock, for appellee.*

---

## J. J. LAIR *v.* J. H. WATTS.

**Judgment—Pleading—Prayer.**

Where a petition prayed that defendant be compelled to surrender land that it might be sold to refund to him the amount owing to him by certain persons, and if that cannot be done, he prays for a judgment for the amount paid by him to redeem the land, together with interest, "and for all general and special relief in the premises," the prayer is sufficient to authorize judgment if the facts alleged in the petition are sufficient to constitute a cause of action.

APPEAL FROM GRAVES CIRCUIT COURT.

September 23, 1873.

OPINION BY JUDGE PETERS:

Appellant knew when appellee, Watts, paid the money to him that it was paid for the purpose of redeeming the land, and the receipt which he gave for the $1,267.70 which he knew Watts paid

for him to the bank, recites the fact that it was paid in part of the redemption price of the land.

Appellant has all the land; he has received, according to his own statement, $500, May 12, 1865. On the 7th of July, 1865, $1,267.70, and $250, March 20, 1866, and $150 or $160, the date not given, making the gross sum of $2,177.70 for the redemption of the land which he still retains. But he claims that he paid for the Edwards on the Ringo debts $900 on the 18th of May, 1868, and on the 6th of July, 1868, $345.48; and on the 21st of February, 1867, $82.30 on the Gregory debt; but of that he got back $70 on the 12th of October, 1867. If the interest is calculated on the several sums paid appellant to redeem the land from the date of the respective payments up to the time when he paid the $1,245.48 to the administration of Ringo, and when he paid the $82.30 on the Gregory debt, and the two last named amounts, after deducting the $70 received by him on the Gregory debt, and then calculating interest on the balance at the rate of 6 per cent. per annum, it will amount to nearly as much as the judgment was rendered for. In that aspect of the case, therefore, appellant has all the land and considerably over $1,200 more than what he paid on the Ringo and Gregory debts with the interest for several years. But this he claims the right to retain because the title to a part of the land he purchased at the sheriff's sale is not perfect, and because the wives of the two Mr. Edwards may have potential rights to dower in some of said lands. As between him and appellee that claim cannot be allowed, for when the latter parted with his money, and especially the $1,267.70 paid in bank for appellant, he did it on the request of appellant, and with a warning or threat that if the money was not paid then, that the right or privilege to redeem the land should be closed; implying that if it was then paid that the right to redeem it would be completely secured.

And referring again to the receipts executed by appellant for the money received, they show on their face that the payments which they evidence were made for the purpose alone of redeeming the land and for no other object, and if the money is not so applied appellant has no right to it. The claim of the right to hold the money, and all the land until liabilities which appellant might thereafter incur, or losses he might sustain on account of his being the surety of the Edwards as an afterthought, did not enter into the

negotiations between appellant and Watts, and he certainly has no equitable right to retain the money of the latter to indemnify him against liabilities which he incurred for or losses he might sustain on account of the Edwards.

When he bought the land the same difficulties as to the title existed, as did when he promised Watts he might redeem the two tracts designated, and there was no obligation on Watts to warrant the title, nor did he by any contract shown in this record become the guarantor of the title.

But it is insisted that the allegations and prayer of the petition do not authorize the relief granted by the court below. In this view we cannot concur, the prayer of the petition is that appellant be compelled to surrender the land that it may be sold to refund to him the amount the Edwards owe him and the money he had advanced to redeem it, and if that cannot be done he prays for a judgment for the amount paid by him to Lair to redeem said land with interest, etc., "and for all general and special relief in the premises" certainly if the facts alleged are sufficient to constitute causes of action against Lair, and of that we entertain no doubt, the prayer is sufficiently comprehensive to authorize the judgment.

Wherefore, perceiving no error in the judgment prejudicial to appellant or appellee, the same must be *affirmed* on the original and on the cross-appeal.

*R. K. Williams, for appellant.*

*W. R. Bradley, W. W. Robertson, for appellee.*